Defendant-appellant, Mark Mitchell, appeals from his conviction and sentence in the Butler County Court of Common Pleas for attempted child endangering. We affirm.
On March 12, 1998, appellant entered a guilty plea to attempted child endangering, a felony of the fourth degree. On April 9, 1998, the trial court held a sentencing hearing. The evidence at the hearing indicated that the victim of appellant's offense was twenty-three months old. As a result of appellant's offense, the victim suffered injuries that required hospitalization for two weeks and further therapy upon release. The grandmother of the victim stated at the sentencing hearing:
 We trusted him and took him in and he lied, during which time he not only attempted — I don't know what attempted child endangerment is, but he attempted to kill this baby. He not only hit him once, he hit him three times in the head. I believe that he is a very dangerous man and we will not ever be the same. This child may never be able to function as a normal little boy and all the sorries and all the remorse does not change the facts. I ask today that the Court give him the maximum sentence that they are able to give.
At the conclusion of the hearing, the trial court sentenced appellant to eighteen months imprisonment, the maximum term for a fourth degree felony under R.C. 2929.14(A)(4).
In his assignment of error, appellant asserts that the trial court erred by imposing the maximum sentence. Pursuant to R.C.2953.08(G)(1)(a) and (d), an appellate court may alter a sentence imposed under Senate Bill 2 when it finds by clear and convincing evidence that the sentence is not supported by the record or is contrary to law. Clear and convincing evidence is that evidence "which will provide in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." Cincinnati Bar Assoc. v. Massengale (1991), 58 Ohio St.3d 121,122.
Before a court may impose a prison term for a fourth degree felony, it must first determine whether any of the eight factors set forth in R.C. 2929.13(B)(1) are applicable.[1] If the trial court determines that one or more of the factors in R.C.2929.13(B)(1) are applicable, it must next consider the recidivism and seriousness factors set forth in R.C. 2929.12 to determine whether a prison term is consistent with the purposes and principles of sentencing, as set forth in R.C. 2929.11,[2]
and whether the offender is amenable to a community control sanction. R.C. 2929.13(B)(2)(a). Finally, where the trial court finds that a prison term is warranted under R.C. 2929.13(B)(2) (a), it may impose the maximum sentence "upon offenders who committed the worst forms of the offense" and "upon offenders who pose the greatest likelihood of committing future crimes." R.C.2929.14(C). In determining whether an offender committed the worst form of the offense and whether an offender poses the greatest likelihood of recidivism, the court may consider all the surrounding facts and circumstances including the factors set forth in R.C. 2929.12. State v. Coyle (Oct. 13, 1997), Clermont App. No. CA97-02-014, unreported. If the trial court imposes the maximum sentence, it must "make a finding and give its reasons" for selecting the maximum sentence. R.C. 2929.19(B)(2)(d).
In the present case, the trial court first determined that more than one of the factors in R.C. 2929.13(B)(1) were applicable. Specifically, the trial court found that appellant caused physical harm to a person in committing the offense, R.C.2929.13(B)(1)(a), previously served a prison term, R.C.2929.13(B)(1)(g), and previously was subject to a community control sanction and committed another offense while under the sanction, R.C. 2929.13(B)(1)(h).
After considering the recidivism and seriousness factors in R.C. 2929.12, the trial court also determined that a prison sentence was consistent with the purposes and principles of sentencing and that appellant was not amenable to community control sanctions. Specifically, the trial court considered the young age of the victim, R.C. 2929.12(B)(1), and the serious injuries suffered by the victim, R.C. 2929.12(B)(2), as factors indicating that appellant's conduct was more serious than conduct normally constituting the offense. In addition, the trial court considered appellant's history of criminal convictions, R.C.2929.12(D)(2), appellant's failure to respond favorably to sanctions previously imposed, R.C. 2929.12(D)(3), and appellant's lack of remorse for the underlying offense, R.C. 2929.12(D)(5), as factors indicating that appellant was likely to commit future crimes. Finally, based upon these statutory factors, the trial court also determined that appellant committed the worst form of the offense and posed the greatest likelihood of committing future crimes.
The foregoing demonstrates that the trial court followed the correct statutory procedure in sentencing appellant to the maximum term of imprisonment. Further, the statutory criteria cited by the trial court supported the maximum sentence that was imposed. Therefore, appellant's sentence is supported by the record and is not contrary to law. Accordingly, the trial court did not err by sentencing appellant to the maximum term available and appellant's sole assignment of error is overruled.
Judgment affirmed.
YOUNG, P.J., and KOEHLER, J., concur.
[1] R.C. 2929.13(B)provides:
 (1) * * * [I]n sentencing an offender for a felony of the fourth or fifth degree, the sentencing court shall determine whether any of the following apply:
 (a) In committing the offense, the offender caused physical harm to a person.
 (b) In committing the offense, the offender attempted to cause or made an actual threat of physical harm to a person with a deadly weapon.
 (c) In committing the offense, the offender attempted to cause or made an actual threat of physical harm to a person, and the offender previously was convicted of an offense that caused physical harm to a person.
 (d) The offender held a public office or position of trust and the offense related to that office or position; the offender's position obliged the offender to prevent the offense or to bring those committing it to justice; or the offender's professional reputation or position facilitated the offense or was likely to influence the future conduct of others.
 (e) The offender committed the offense for hire or as part of an organized criminal activity.
 (f) The offense is a sex offense that is a fourth or fifth degree felony violation of section R.C. 2907.03, 2907.04, 2907.05, 2907.22, 2907.31, 2907.321, 2907.322, 2907.323, or 2907.34 of the Revised Code.
 (g) The offender previously served a prison term.
 (h) The offender previously was subject to a community control sanction, and the offender committed another offense while under the sanction.
[2] R.C. 2929.11(A) provides that the purposes of felony sentencing are to "protect the public from future crime by the offender and others and to punish the offender."